UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEBRA WOLFF, <br><br> *Plaintiff*, <br><br> v. <br><br> BEAUTY BASICS, INC., <br><br> *Defendant*. | Civil Action No. 12-0794 (ESH) |

## MEMORANDUM OPINION

Plaintiff Debra Wolff brings this action against defendant Beauty Basics, Inc., alleging discrimination on the basis of disability in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181–12189 ("ADA"), Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Section 504"), and the District of Columbia Human Rights Act, D.C. Code §§ 2-1401.01 *et seq.* ("DCHRA"). (*See* Complaint, May 15, 2012 [Dkt. No.1] ("Compl.").) Defendant has moved to dismiss plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6). (*See* Defendant's Motion to Dismiss, July 12, 2012 [Dkt. No. 7] ("Def. Mot."); Plaintiff's Opposition to Defendant's Motion to Dismiss, July 30, 2012 [Dkt. No. 9] ("Pl. Opp'n"); Defendant's Reply, August 9, 2012 [Dkt. No. 10] ("Def. Reply").) For the reasons set forth below, the Court will deny defendant's motion.

## BACKGROUND

Wolff is a deaf woman; her capabilities of hearing and speaking are substantially limited. (Compl. ¶ 5.) She primarily communicates in American Sign Language ("ASL"). (*Id.*) Beauty Basics, Inc., is a private educational institution that owns and operates the Aveda Institute of Washington, D.C., a cosmetology school. (*Id.* ¶ 15.) Beauty Basics receives federal financial

1

assistance in the form of direct federal grants to students and federally-guaranteed student loans. (*Id*. ¶ 6.)

Wolff sought to enroll in a thirteen-month Aveda Institute cosmetology program beginning in either March or May 2012.  (*Id*. ¶ 1.)  Wolff began the admissions process with a mandatory tour of the school in late 2011.  (*Id*. ¶ 7.)  Prior to attending the tour, Wolff asked the Aveda Institute to provide a sign language interpreter for her, but the school declined to do so. (*Id*. ¶¶ 7–8.)  Wolff instead attended the tour with a friend who provided interpretation.  (Compl. ¶ 9.)  Wolff told the school that she would like to enroll at the Aveda Institute and asked the school to provide interpreter services for classes.  (Compl. ¶ 10.)  On January 18, 2012, Wolff received an email from Anna Kiesnowski, Director of the Aveda Institute DC, stating in relevant part:

> I am writing you today to discuss your inquiry for future enrollment at our campus for Cosmetology.  Unfortunately, we are unable to provide an interpreter due to the great expenses it would require of our Institute and company.  We are only able to provide reasonable accommodations, but we would hope that you will still be able to find accommodations to join our Cosmetology class in March.

(Defendant Beauty Basics, Inc.'s Errata to Motion to Dismiss, July 19, 2012 [Dkt. No. 8], Ex. A (Jan. 18, 2012 Email from Anna Kiesnowski to Debra Wolff) ("Kiesnowski Email"); *see* Compl. ¶ 10.)

On May 15, 2012, Wolff filed suit, alleging discrimination on the basis of disability under the ADA, Section 504, and the DCHRA and seeking declaratory and injunctive relief and compensatory damages.

## ANALYSIS

**I.      STANDARD OF REVIEW**

A complaint need only contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,'" *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)), "in order to 'give the defendant fair notice of what the . . . claim is

and the grounds upon which it rests.'" *Id.* (alteration in the original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  The notice pleading rules are "not meant to impose a great burden on a plaintiff," *Dura Pharmaceuticals, Incorporated v. Broudo*, 544 U.S. 336, 347 (2005) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513–515 (2002)), and "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion.  *Twombly*, 550 U.S. at 555.  Nor is it necessary for a plaintiff alleging discrimination to "plead every fact necessary to establish a prima facie case."  *Jones v. Air Line Pilots Ass'n, Int'l*, 642 F.3d 1100, 1104 (D.C. Cir. 2011) (citing *Swierkiewicz*, 534 U.S. at 511).  Nevertheless, a plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action," *id.* at 555, and his "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully."  *Twombly*, 550 U.S. at 556.  In determining whether the factual allegations which are entitled to an assumption of truth in Wolff's complaint are "enough to raise a right to relief above the speculative level," *id.* at 555, the Court must grant Wolff "'the benefit of all inferences that can be derived from the facts alleged.'"  *Am. Nat'l Ins. Co. v. F.D.I.C.*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (quoting *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005)).

**II.     THE SUFFICIENCY OF WOLFF'S CLAIMS**

Title III of the Americans with Disabilities Act (ADA) provides that:

No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of

> any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

41 U.S.C. § 12182(a). It further provides that:

> It shall be discriminatory to subject an individual . . . on the basis of a disability . . . to a denial of the opportunity of the individual . . . to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity.

41 U.S.C. § 12182(b)(1)(A).

The ADA specifies that, in interpreting the general rule, discrimination includes such things as "the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability . . . from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of" those things," *id.* § 12182(b)(2)(A)(i); "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of" those things, *id.* § 12182(b)(2)(A)(ii); and "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden." *Id.* § 12182(b)(2)(A)(iii).

Section 504 of the Rehabilitation Act is similar to the ADA.  It provides that:

> No otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

29 U.S.C. § 794(a).

Finally, the DCHRA, in relevant part, provides:

> It is an unlawful discriminatory practice . . . for an educational institution to deny, restrict, or to abridge or condition the use of, or access to, any of its facilities, services, programs, or benefits of any program or activity to any person otherwise qualified, wholly or partially, for a discriminatory reason, based upon the . . . disability of any individual.

D.C. Code § 2-1402.41.

Defendant does not dispute that it is subject to the ADA, Section 504, and the DCHRA, nor does it dispute that Wolff is a disabled individual for purposes of the statutes. Rather, defendant asserts that plaintiff has failed to state a claim because (1) "she has not established that she is otherwise qualified for" the Aveda program or that she was excluded based on a disability," and (2) because she has not demonstrated that she was excluded from participation in, denied the benefits of, or subjected to discrimination under defendant's beauty-school program because she never submitted a formal application, but instead only made inquiries with a view toward future enrollment. (*See* Def. Mot. at 4–9). The Court disagrees, and concludes that Wolff's claims suffice to withstand defendant's Rule 12(b)(6) motion.

In order to prevail on her claims, Wolff must show, *inter alia*, that (1) she has a disability, (2) she was excluded from the Aveda Institute program because of the disability, and (2) she is otherwise qualified to be admitted to the program. *See Steere v. George Washington Univ.*, 368 F. Supp. 52, 55 (D.D.C. 2005) (ADA analysis); *Equal Rights Ctr. v. Dist. of Columbia*, 741 F. Supp. 2d 273, 283 n.6 (D.D.C. 2010) (cases interpreting the ADA, Section 504, and DCHRA are interchangeable for certain purposes).

Notwithstanding that she does not have to plead every fact necessary to establish a *prima facie* case in order to withstand a Rule 12(b)(6) motion to dismiss, *see Jones,* 642 F.3d at 1104,

Wolff has pleaded the necessary facts here. Her claim is "facially plausible" in that, assuming the truth of all the facts alleged in the complaint, the complaint pleads factual content that permits a claim of disability discrimination. It is undisputed that she has alleged that she is disabled, that defendant is subject to the ADA, Section 504, and the DCHRA, and that, when she requested an auxiliary service (interpretation) that she required, defendants declined to provide her with it.

As to the "otherwise qualified" prong of Wolff's *prima facie* case, the Court, at the pleading stage, will draw the reasonable inference from the facts alleged that Wolff is qualified to attend a cosmetology program. The email that Wolff received from Kiesnowski—stating that the Aveda Institute "[is] only able to provide reasonable accommodations, but we would hope that you will still be able to find accommodations to join our Cosmetology class in March" (Kiesnowski Email)—demonstrates that the lack of available accommodations was the only barrier to her enrollment at the Aveda Institute.

Defendant's claim that the complaint is legally insufficient as to Wolff's ADA claim because "plaintiff . . . has not demonstrated that she . . . was excluded from participation" because she never submitted a formal application (*see* Def. Mot. at 9) is similarly unpersuasive. Defendant told Wolff that it did not intend to provide her with the accommodation she requested, and the "futile gesture" principle makes clear that this is sufficient to state a claim if she was effectively excluded from participation. 42 U.S.C. § 12188(a)(1) ("Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this subchapter does not intend to comply with its provisions"); *see Equal Rights Ctr. v. Hilton Hotels Corp.*, No. 07–cv–1528, 2009 WL 6067336, at *3 (D.D.C. Mar. 25, 2009) (in the ADA Title III context, "disabled individuals do not have to

claim that they would return to a place with known accessibility barriers simply to establish that they are likely to experience a future violation of their rights"; rather, a "plaintiff must simply allege that she has 'become aware of discriminatory conditions existing at a public accommodation, and is thereby deterred from visiting or patronizing that accommodation'" (quoting *Pickern v. Holiday Quality Foods, Inc.*, 293 F.3d 1133, 1136–37 (9th Cir. 2002))).

Finally, with regard to the DCHRA, that law bars as "an unlawful discriminatory practice" any educational institution from not only "deny[ing] . . . the use of, or access to, any of its . . . programs" based upon disability, but also on "abridg[ing] or condition[ing]" such use or access based upon disability.  D.C. Code § 2-1402.41.  Wolff has sufficiently alleged that the Aveda Institute conditioned Wolff's ability to participate in the program on her ability to find her own ASL interpreter.

## CONCLUSION

For the reasons set forth above, the Court will deny defendant's motion to dismiss.  A separate Order accompanies this Memorandum Opinion.

>     /s/
> ELLEN SEGAL HUVELLE
> United States District Judge

Date: August 24, 2012